Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2014 JAN 22 PM 5: 08

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

GUAM HOUSING CORPORATION, )

                 Petitioner, )

        v. )

GUAM CIVIL SERVICE
COMMISSION, )

               Respondent, )

        v. )

JOHN E. POTTER, )

       Real Party in Interest. )

CASE NO. SP0119-13

**DECISION AND ORDER
ON ORDER TO SHOW CAUSE**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III, on an Order to Show Cause. Attorney Thomas Fisher represented Guam Housing Corporation. Attorney Daniel Somerfleck represented Real Party in Interest John Potter. The Court now issues its Decision and Order.

## FACTUAL HISTORY

John Potter began working at the Guam Housing Corporation ("GHC") in April of 1994. On January 24, 2013, he received a Notice of Proposed Adverse Action for violation of the GHC Personnel Rules and Regulations. He was subsequently terminated as an employee effective February 6, 2013. Potter then filed an appeal to the Civil Service Commission ("CSC"). On July 30, 2013, the Civil Service Commission issued a Decision and Judgment.

In the Decision and Judgment, the Commission wrote the following:

> Because the Notice of Final Adverse Action fails to provide the
> Employee notice of the factual basis for the Final Adverse Action

1

the Commission is without jurisdiction and the adverse action must
be voided.

Fisher Decl., Ex. B p.3. After finding that it had no jurisdiction, the Commission proceeded to issue the following orders:

a) That the Employee shall be immediately reinstated to his position as a Senior Tenant Relations Advisor with the Guam Housing Corporation;

b) Employee shall receive back pay for all wages withheld from Employee during the period from termination on February 06, 2013 until he is reinstated;

c) Employee shall be credited with all sick leave and annual leave that he would have accrued during the period from termination on February 06, 2013 until he is reinstated.

d) Management shall deduct Employee's retirement contribution from his back pay and then pay both Employee's and Management's contributions to the Government of Guam Retirement Fund during the period from termination on February 06, 2013 until he is reinstated.

e) Employee shall recover his reasonable attorney's fees and costs pursuant to 4 G.C.A. § 4406.1.

*Id.* at p.4.

On August 27, 2013, Guam Housing Corporation filed a Petition for Judicial Review, citing 7 G.C.A. § 3105 and 4 G.C.A. § 4406 as the basis for this Court's jurisdiction. In the Petition, GHC seeks judicial review of the Decision and Judgment as to 1) whether Mr. Potter's receipt of notice, and his actual notice of the circumstances leading to his termination, was sufficient; and 2) whether the Civil Service Commission may enter orders in an Appeal where it lacks jurisdiction. Additionally, the Petition calls for a reversal of the CSC's Decision and Judgment.

On September 9, 2013, Potter filed an Answer to the Petition. In it, he challenges this Court's jurisdiction over the matter. He argues that GHC has failed to cite the proper jurisdictional basis, that GHC has failed to state the facts supporting jurisdiction in violation of CVR 10.1, and that this Court should dismiss the petition pursuant to Rule 12(h)(3) of the Guam Rules of Civil Procedure. Additionally, Potter requested an Order to Show Cause as to why the CSC's orders

2

should not be enforced. An Order to Show Cause was issued by this Court on September 12, 2013.

On September 17, 2013, Petitioner filed a Reply to Potter's Answer as well as an Opposition to the Request for Order to Show Cause. GHC contends the jurisdictional bases have been properly pleaded and challenges Potter's pleadings in that the Court should disallow any answer or Order to Show Cause. After considering the filings and arguments, it is the Decision of this Court that the Petition should be dismissed for the reasons set forth below.

## DISCUSSION

### I. Subject Matter Jurisdiction.

The process governing judicial review of a decision by the CSC has developed in an *ad hoc* manner on Guam. See Carlson v. Perez, 2007 Guam 6 ¶¶ 62-64. As such, these proceedings present particularly murky waters to navigate. In its September 17, 2013 Reply, GHC challenges the jurisdictional arguments made in Potter's September 9, 2013 Answer. Indeed, GHC challenges whether an Answer is actually allowed in these proceedings. Nonetheless, Potter raises issue with this Court's subject matter jurisdiction.

Subject matter jurisdiction may be raised by a party at any time and when the court finds that it lacks jurisdiction it therefore has no power to hear or determine the case and it must dismiss the action. Guam R. Civ. P. 12(h)(3); In re Department of Agriculture v. Civil Service Comm., 2009 Guam 19 ¶ 25.

A writ of review "may be granted by any court, when an inferior tribunal, board, or officer, exercising judicial functions, has exceeded [its] jurisdiction and there is no appeal ... [or] plain, speedy, or adequate remedy" available to the petitioner. Id. at ¶ 11 (quoting 7 G.C.A. § 31102). The review upon this writ cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer. 7 G.C.A. § 31108.

A writ of mandate "may be issued by any court to ... any inferior tribunal, corporation, board, or person to compel the performance of an act [that] the law

3

specifically enjoins ... or to compel the admission of a party to the use and enjoyment of a right or office to which [such party] is entitled[.]" DCK at ¶ 11 (quoting 7 G.C.A. § 31202).

The proper way for classified employees of the government of Guam or any of its instrumentalities, corporations or agencies to utilize the right of judicial review of CSC decisions is by filing a "Petition for Judicial Review." 2007 Guam 6 ¶ 65. However, "the court is not constrained by the formal denomination of a writ in determining what procedures and remedies to actually invoke, but rather is guided by the contents of the petition and the particular relief sought." DCK Pacific Guam, LLC v. Morrison, 2010 Guam 16 ¶ 17.

Here, GHC puts forth the following questions: 1) whether Mr. Potter's receipt of notice, and his actual notice of the circumstances leading to his termination, was sufficient; and 2) whether the Civil Service Commission may enter orders in an Appeal where it lacks jurisdiction. Further, the Petition calls for a reversal of the CSC's Decision and Judgment. Thus, the petition brings into question whether the CSC exceeded its jurisdiction, a proper question under a writ of review. Therefore, this Court's jurisdiction is proper.

## II. Order to Show Cause.

On September 9, 2013, Potter requested for an Order to Show Cause as to why the decision of the CSC's orders should not be enforced. This Court issued the Order on September 12, 2013. While neither party has sought a stay in these proceedings, the Order to Show Cause as to the enforcement of the CSC's judgment below calls for a stay analysis.

A stay is an exercise of judicial discretion. Virginian Ry. Co. v. U.S., 272 U.S 658, 672-73 (1926). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. See Nken v. Holder, 556 U.S. 418 (2009)(quoting Clinton v. Jones, 520 U.S. 681 (1997)). Four criteria are relevant in considering whether to issue a stay of an administrative agency pending appeal: A) the likelihood of success on the merits; B) irreparable injury if a stay is denied; C) substantial injury to the party opposing a stay if one is issued; and D) the

4

public interest. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The four considerations are factors to be balanced and not prerequisites to be met. In re DeLorean Motor Company, 755 F.2d 1223 (6th Cir. 1985).

**A. Likelihood of Success on the Merits.**

As discussed *supra*, the CSC wrote that it lacked jurisdiction, yet issued Orders upon GHC. "[A] decision [of an administrative body] may be subject to such attack where it is absolutely void; and, since the jurisdiction of an administrative board or agency consists of the powers granted it by statute, a determination is void and subject to collateral attack where it is made either without statutory power or in excess thereof. Accordingly, administrative decisions may be collaterally attacked as void for want of jurisdiction." Matter of Foy v. Schechter, 1 N.Y.2d 604, 612 (1956). Jurisdiction is unquestionably essential to the validity of any proceeding undertaken by a public administrative tribunal, without which its actions are void. Antrim v. Civil Service Commission of City of Des Moines, 261 Iowa 396, 401 (Iowa 1967).

Here, the CSC sought to issue orders after stating that it lacked jurisdiction. Any orders issued where there is a lack of jurisdiction are nullities. There is a strong likelihood of success on the merits for GHC.

**B. Irreparable Injury if Stay is Denied.**

"A determination of irreparable harm typically focuses on categories of harm that do not easily lend themselves to monetary compensation." Sule v. Guam Board of Examiners for Dentistry, et al., 2011 Guam 5 ¶ 12. If a stay is not granted, GHC will be required to follow the orders of the CSC. While most of the orders deal directly with compensation, the orders also call for reinstating Potter. This presents legal and logistical consequences to GHC, especially if the CSC is found to have exceeded its jurisdiction with the orders. As such, this factor supports granting a stay.

**C. Substantial Injury to the Party Opposing a Stay if Issued.**

The CSC has issued its orders which seek to reinstate Potter and give all benefits to him dating back to February 6, 2013. A stay pending review will result

5

only in delay of the CSC's orders if they survive review. The substantial harm to Potter here is not enough to deny a stay.

### D. Public Interest.

Outside of the public interest in seeing fair adjudication at the Civil Service Commission, very little in this matter raises a public interest argument. This factor does little to affect the stay analysis under these circumstances.

## CONCLUSION

This Court finds that enforcement of CSC's Decision and Judgment pending review would be improper under the circumstances found here. This Decision is limited only to the Order to Show Cause and does not affect the final outcome of the Petition for Judicial Review. A Scheduling Conference is set for February 10, 2014 at 2:00 p.m.

So **ORDERED** this 22nd day of January, 2014.

JAN 22 2014

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JAN 2 2 2014

Esther L. S. Pinaula
Deputy Clerk, Superior Court of Guam

6